1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ZAKI HUSSEIN,

11          Plaintiff,              No. CIV S-11-1023 KJM DAD (TEMP) PS

12      v.

13   WELLS FARGO BANK, et al.,

14          Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16          On April 15, 2011, this action was removed from the Sacramento County Superior

17   Court.  Plaintiff, proceeding pro se, filed a complaint alleging claims under the Truth in Lending

18   Act ("TILA"), 12 U.S.C. § 1635, the Real Estate Settlement Procedures Act ("RESPA"), 12

19   U.S.C. § 2607, California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200,

20   fraud, and quiet title.  The case was referred to the undersigned pursuant to Local Rule

21   302(c)(21).

22          On April 22, 2011, defendants filed a motion to dismiss pursuant to Federal Rules

23   of Civil Procedure 12(b)(6) on the grounds that plaintiff's complaint fails to state any legally

24   cognizable claim upon which relief may be granted.  The record reflects that defendant's motion

25   was properly served on the pro se plaintiff.  On May 27, 2011, the case came before the court for

26   /////

1

hearing on defendants' properly noticed motion. Kimberly Paese, Esq. appeared for the defendants. No appearance was made by or on behalf of plaintiff.

Upon consideration of all written materials filed in connection with the motion and the entire file, the undersigned recommends that defendants' motion to dismiss be granted.

LEGAL STANDARDS APPLICABLE TO MOTIONS TO DISMISS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The court is permitted to consider material which is properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

1  state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

2  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The plaintiff must allege with at

3  least some degree of particularity overt acts which the defendants engaged in that support the

4  plaintiff's claims.  733 F.2d at 649.  A complaint must also contain "a short and plain statement

5  of the grounds for the court's jurisdiction" and "a demand for the relief sought."  Fed. R. Civ. P.

6  8(a)(1) & 8(a)(3).

7  PLAINTIFF'S COMPLAINT AND MOTION TO REMAND

8     Plaintiff alleges claims under the Truth in Lending Act ("TILA"), 12 U.S.C. §

9  1635, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, California

10  Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, fraud, and quiet title.

11  Plaintiff also filed a motion to remand, contending removal was improper.  (Doc. No. 15.)

12  However, plaintiff's complaint plainly references RESPA and TILA; removal under federal

13  question was therefore proper and plaintiff's motion to remand should be denied.

14  PLAINTIFF'S FAILURE TO OPPOSE DEFENDANT'S MOTION

15     Defendants filed their motion to dismiss on  April 22, 2011.  Plaintiff did not file

16  timely written opposition to the motion, did not appear at the hearing on the motion held on May

17  27, 2011, and did not file any opposition after the hearing.  Plaintiff's failure to appear at the

18  properly noticed hearing on defendant's motion may, in the discretion of the court, be deemed a

19  statement of no opposition to the granting of the motions.  See Local Rule 230(i).  An inference

20  of non-opposition in the present case is supported by plaintiff's failure to file written opposition

21  and failure to appear at the hearing.  See Local Rule 230(c) ("No party will be entitled to be

22  heard in opposition to a motion at oral arguments if opposition to the motion has not been timely

23  filed by that party.").

24  ANALYSIS

25     The undersigned finds that plaintiff's failure to file written opposition and failure

26  to appear at the hearings on defendants' motion to dismiss, considered together with plaintiff's

3

1   failure to participate in this action since its initiation other than the filing of a brief motion for

2   remand, should be deemed a statement of no opposition to the granting of defendants' motion.

3   Nonetheless, in light of plaintiff's pro se status, the undersigned has reviewed defendants'

4   arguments and addresses them below.

5      Defendants have requested judicial notice of documents related to the matters at

6   issue. (Doc. No. 13.) Defendants' request for judicial notice will be granted pursuant to Federal

7   Rule of Evidence 201.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on

8   a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v.

9   Weisman, 803 F.2d 500, 504 (9th Cir.1986) (on a motion to dismiss, the court may take judicial

10  notice of matters of public record outside the pleadings).

11     The documents of which the court may take judicial notice establish that the

12  subject property was purchased on September 19, 2005 with a loan of $974,250 secured by a

13  deed of trust.  New Century Mortgage Corporation was the lender and beneficiary.  A second

14  loan in the amount of $167,168 was obtained by plaintiff from CIT Group/Consumer Finance,

15  Inc. on March 14, 2006, which was also secured by a deed of trust.  Plaintiff defaulted on the first

16  loan and the property was sold at a trustee's sale on March 25, 2010 to Wells Fargo Bank.

17     Defendants contend plaintiff's fraudulent omission claims are barred by the

18  applicable statutes of limitations.  That contention is well taken.  Plaintiff's first loan was

19  consummated in September 2005 and the second loan in March 2006.  However, this action was

20  not filed in state court until February 3, 2011.  Any claim related to alleged fraudulent omissions

21  in transacting the loans is therefore barred by the three year statute of limitations applicable to

22  state law fraud claims under California Code of Civil Procedure § 338.  Similarly, any claim for

23  damages under TILA is barred by the one year statute of limitations applicable under 15 U.S.C. §

24  1640(e).  The failure to make required disclosures for purposes of a damages claim under TILA

25  occurs on the date the loan documents are signed, because on that date the buyer is in possession

26  of all information relevant to the buyer's discovery of the TILA violation and the basis for a

1  damages claim.  Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003); Lingad

2  v. Indymac Federal Bank, 682 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) ("[W]hen a plaintiff fails

3  to allege any facts demonstrating that the TILA violations alleged could not have been discovered

4  by due diligence during the one-year statutory period, equitable tolling should not be applied and

5  dismissal at the pleading stage is appropriate."); Rosal v. First Federal Bank of California, 671 F.

6  Supp. 2d 1111, 1122 (N.D. Cal. 2009).  Plaintiff's fraudulent omissions claims are therefore

7  untimely and should be dismissed.

8          Plaintiff's claim for rescission under TILA is also time barred under the three year

9  statute of limitations.  15 U.S.C. § 1635(f); see also Parcray v. Shea Mortgage Inc., No. CV-F-

10  09-1942 OWW/GSA, 2010 WL 1659369, at *16 (E.D. Cal. Apr. 23, 2010); Hughes v.

11  Residential Mortgage Capital, No. C 09-4511 SI, 2010 WL 986998, at *2 (N.D. Cal. Mar. 17,

12  2010) ("Numerous courts have held that an involuntary foreclosure sale, like any other sale,

13  terminates TILA's right of rescission."); Cross v. Downey Savings & Loan Ass'n, No. CV 09-

14  317 CAS (Ssx), 2009 WL 481482, at *3 (C.D. Cal. Feb 23, 2009).  In addition, because the

15  subject loan was a purchase money loan, the TILA rescission remedy is not available to plaintiff

16  in any event.

17          Defendants further contend plaintiff cannot maintain a RESPA claim with respect

18  to an alleged failure to respond to a qualified written request ("QWR").  The court agrees that

19  there are several defects evident with this claim.  RESPA requires the servicer to provide

20  information relating to the servicing of the loan upon a qualified written request by the borrower.

21  See 12 U.S.C. § 2605(e)(1); see also 12 U.S.C. § 2605(i)(3) (RESPA defines "servicing" as

22  receiving or paying any scheduled periodic payments pursuant to the terms of the loan).  Plaintiff

23  does not provide a copy of the alleged QWR nor does he describe the alleged QWR in any detail

24  in his first amended complaint .  Also, there is no indication from either the judicially noticeable

25  documents or the first amended complaint that any named defendant was a servicer of any of the

26  subject loans.  Plaintiff also fails to allege what actual damages he suffered as a result of the

1    alleged failure to respond to the QWR.  <u>See</u> 12 U.S.C.  § 2605(f).  As such, plaintiff's RESPA

2    claim should be dismissed.

3        Plaintiffs claim under the UCL is predicated on the alleged failure of defendant

4    Atlantic Pacific to contact the borrower before foreclosing as required under California Civil

5    Code § 2923.5.  Under this section, a mortgagee, trustee, beneficiary or authorized agent must

6    contact or diligently attempt to contact the borrower before recording a notice of default and

7    must declare it has done so.  Cal. Civ. Code §§ 2923.5(a)(1), (b).  The statute further provides

8    that a mortgagee, trustee, beneficiary or authorized agent may not file a notice of default pursuant

9    to California Civil Code § 2924 ("§ 2924") until 30 days after initial contact with the borrower is

10    made, in person or by telephone, or after due diligence, to assess the borrower's financial

11    situation and explore options for the borrower to avoid foreclosure.  In this case, the notice of

12    default declares compliance with this provision.  Moreover, the only remedy provided under the

13    statute is postponement of the sale before it happens, and in this case, the subject property was

14    sold in March of 2010.  <u>See Mabry v. Superior Court</u>, 185 Cal. App. 4th 208, 221 (2010).

15    Plaintiff's UCL claim predicated on § 2923.5 therefore fails and is subject to dismissal.

16        Plaintiff's quiet title claim also is deficient in that he fails to allege tender of the

17    amount of indebtedness and fails to allege with particularity the facts upon which the trustee's

18    deed upon sale should be set aside.  To the extent plaintiff by this cause of action is attempting to

19    set aside the foreclosure sale of his property, such a claim cannot lie in that plaintiff fails to

20    allege tender of the full amount owed on the loan.  <u>See Pantoja v. Countrywide Home Loans,</u>

21    <u>Inc.</u>, 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) ("Under California law, in an action to set

22    aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender

23    [offer] of payment of the indebtedness" (citations and quotation marks omitted).); <u>see also</u>

24    <u>Alcaraz v. Wachovia Mortgage FSB</u>, 592 F. Supp. 2d 1296, 1304 (E.D. Cal. 2009) ("'A valid

25    and viable tender of payment of the indebtedness owing is essential to an action to cancel a

26    voidable sale under a deed of trust.'") (citing <u>Karlsen v. Am. Sav. & Loan Ass'n</u>, 15 Cal. App. 3d

1   112 (1971)).  Similarly, any claim to quiet title cannot lie in the absence of tender.  See

2   Shimpones v. Stickney, 219 Cal. 637, 649 (1934) (mortgagor cannot quiet his title against the

3   mortgagee without paying the debt secured); see also Aguilar v. Bocci, 39 Cal. App. 3d 475, 477

4   (1974); Kelley v. Mortgage Electronic Registration, 642 F. Supp. 2d 1048, 1057 (N.D. Cal.

5   2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of

6   Trust.  As such, they have not stated a claim to quiet title.").[1]

7          The undersigned has carefully considered whether plaintiff may amend the

8   complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave

9   to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

10  Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

11  Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that,

12  while leave to amend shall be freely given, the court does not have to allow futile amendments).

13  Leave to amend would clearly be futile in this instance given the numerous deficiencies of

14  plaintiff's complaint discussed above and plaintiff's apparent abandonment of the litigation.  The

15  undersigned will therefore recommend that plaintiff's complaint be dismissed in its entirety with

16  prejudice.

17          As indicated above, the undersigned has determined that defendants' motion to

18  dismiss should be granted.  Plaintiff's claims against the two non-appearing defendants[2] should

19  also be dismissed.  "A District Court may properly on its own motion dismiss an action as to

20  defendants who have not moved to dismiss where such defendants are in a position similar to

21  that of moving defendants or where claims against such defendants are integrally related."

22

23          [1] Defendants also move to strike plaintiff's punitive damages allegations as well as his
    request for attorneys fees.  Because the action should be dismissed in its entirety against the
24  moving defendants, the motion to strike is rendered moot and should be denied accordingly.

25          [2] Defendants New Century Mortgage Company and MERS have not appeared in this
    action.  It does not appear from the docket that these defendants have been properly served with
26  summons.

1   Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal may be

2   made without notice where the [plaintiffs] cannot possibly win relief."  Omar v. Sea-Land Serv.,

3   Inc., 813 F.2d 986, 991 (9th Cir. 1987).  The court's authority in this regard includes sua sponte

4   dismissal as to defendants who have not been served and defendants who have not yet answered

5   or appeared.  Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir.

6   1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared,

7   on the basis of facts presented by other defendants which had appeared.").  See also Bach v.

8   Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79

9   (S.D. Cal. 1998).  Here, the two non-appearing defendants are in a position similar to that of the

10  moving defendants and the claims against all defendants are integrally related.  Moreover, based

11  upon plaintiff's failure to oppose the motion to dismiss, it appears that plaintiff has abandoned

12  this litigation.  Under these circumstances, dismissal of the entire action is appropriate.

CONCLUSION

13

14          For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

15          1. Defendant's motion to dismiss (Doc. No. 9) be granted and the action be

16  dismissed with prejudice;

17          2. Defendant's motion to strike (Doc. No. 11) be denied as moot;

18          3. Plaintiff's motion to remand (Doc. No. 15) be denied; and

19          4. This case be closed.

20          These findings and recommendations will be submitted to the United States

21  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

22  fourteen days after being served with these findings and recommendations, any party may file

23  and serve written objections with the court.  A document containing objections should be titled

24  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

25  shall be filed and served within seven days after the objections are served.  The parties are

26  advised that failure to file objections within the specified time may, under certain circumstances,

1  waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th

2  Cir. 1991).

3  DATED: June 4, 2011.

4

5  _____

6  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

7  JMM
   hussein1023.mtd.dad

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26